IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

|  |  |
|---|---|
| KELLY E. CLAYTON<br><br>　　　　　Plaintiff,<br><br>v.<br><br>GINA MOORE<br><br>　　　　　Defendant. | Civil Action No. 2:25-cv-14023-RMG<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Kelly E. Clayton for his complaint against Gina Moore alleges as follows:

### THE PARTIES

1. Plaintiff Kelly E. Clayton ("Clayton" or "Plaintiff") is a citizen and resident of the County of Dorchester, State of South Carolina.

2. Upon information and belief, Defendant Gina Moore is a citizen and resident of the County of Charleston, State of South Carolina.

3. Upon information and belief Defendant Gina Moore ("Moore" or "Defendant") now and/or formerly does business as Pluff Mud Mercantile.

### NATURE OF ACTION AND JURISDICTION

4. This is an action for trademark infringement and unfair competition brought pursuant to Sections 32(1) and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a), S.C. Code Ann. § 39-5-20 *et. seq.* and the common law of the State of South Carolina.

5. This Court has jurisdiction over this action under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and Title 28 of the United States Code, §§ 1331 and 1338, and supplemental jurisdiction over Clayton's claims under state law under 28 U.S.C. § 1367(a).

6. This Court has personal jurisdiction over Defendant because *inter alia* Defendant is a resident in this judicial district, does business in this judicial district and the conduct of Defendant complained of in this Complaint occurred in this judicial district.

7. Venue is proper in this district under 28 U.S.C. § 1391.

## FACTS

A. **Clayton and His ORIGINAL PLUFF MUD Marks:**

8. Clayton owns the ORIGINAL PLUFF MUD clothing brand.

9. Clayton, and/or a business entity under his control, has used ORIGINAL PLUFF MUD in commerce to identify clothing since at least 2007.

10. The ORIGINAL PLUFF MUD mark, as used to identify clothing, is registered on the Principal Register of the United States Patent and Trademark Office, Registration No. 5,947,793, with ae filing date of January 16, 2019. A copy of this registration is attached as **Exhibit A.**

11. Clayton has given notice of his registered rights in his marks by using the ® symbol in connection with his registered trademarks.

12. Clayton's registered ORIGINAL PLUFF MUD mark is valid and subsisting

13. Clayton, and/or a business entity under his control, has used the ORIGINAL PLUFF MUD mark in connection with the services identified in his Registration for many years without interruption.

14. Clayton has expended a substantial amount of money and effort in advertising and promoting the ORIGINAL PLUFF MUD mark and brand.

15. Clayton also has common law rights in the ORIGINAL PLUFF MUD mark in South Carolina.

16. Clayton's ORIGINAL PLUFF MUD mark has become distinctive due to many years of exclusive use, serving to identify and indicate the source of Clayton's products to the consuming public, and to distinguish Clayton's products and services from those of others.

**B.    The Defendant's Unlawful Conduct:**

17. Upon information and belief, Defendant was the member and manager of Pluff Mud Mercantile, LLC, a South Carolina limited liability company.

18. Pluff Mud Mercantile, LLC was dissolved on September 22, 2025 according to the South Carolina Secretary of State.

19. Upon information and belief Defendant at all times controlled, and still controls, the activities of the business known as Pluff Mud Mercantile, and is the successor in interest of Pluff Mud Mercantile, LLC.

20. Defendant, acting for herself and/or Pluff Mud Mercantile, with constructive and, upon information and belief, actual knowledge of Clayton's ORIGINAL PLUFF MUD mark, began selling clothing identified by a mark comprising the words Pluff Mud. An example of Defendant's use of a mark comprising PLUFF MUD is attached as **Exhibit B**.

21. Upon information and belief, Defendant sells and offers for sale, and/or sold or offered to sell, in commerce. and may do so again, clothing under a mark comprising PLUFF MUD.

22. On November 11, 2021, Defendant, on behalf of Pluff Mud Mercantile, LLC, filed an application for registration of Peace Love and Pluff Mud, as used to identify clothing, on the Principal Register of the United States Patent and Trademark Office, Serial No. 97/120212.

23. On August 25, 2022, the United States Patent and Trademark Office issued an Official Action finding the mark Peace Love and Pluff Mud to be confusingly similar to Clayton's ORIGINAL PLUFF MUD mark pursuant to Lanham Act §2(d) (15 U.S.C. §1052(d)). A copy of the Official Action is attached hereto as **Exhibit C**.

24. Defendant did not respond to the Official Action of the United States Patent and Trademark Office, and the application was abandoned by Pluff Mud Mercantile, LLC .

25. In an effort to resolve this matter without litigation, Clayton, through his counsel P. Brandt Shelbourne, corresponded with Defendant regarding use of a mark comprising PLUFF MUD.

26. As a result of this correspondence, Defendant has had actual notice of Clayton's superior rights in the ORIGINAL PLUFF MUD mark and his objection to Defendant's use of Peace, Love and Pluff Mud to identify clothing since about November 20, 2021.

27. Since receiving such notice, Defendant, through counsel, represented that she would cease and desist from using the mark, and specifically would cease and desist from selling clothing identifying Peace, Love and Pluff Mud.

28. After representing that she would cease and desist from such infringing activities, Plaintiff purchased a shirt comprising the words Peace, Love and Pluff Mud from Defendant's store.

29. Defendant is aware of the valuable goodwill and reputation represented and symbolized by Clayton's ORIGINAL PLUFF MUD mark. Defendant also is aware that Clayton's

consumers and potential consumers rely upon Clayton's ORIGINAL PLUFF MUD mark as distinguishing Clayton's products and services from the products and services of others.

30. Defendant's use of her marks comprising Pluff Mud has always been and continues to be without the permission, consent, or authority of Clayton.

**C.  Effect of Defendant's Conduct on Clayton and the Consuming Public:**

31. Defendant's Peace, Love and Pluff Mud mark is used on identical goods as those on which Clayton's ORIGINAL PLUFF MUD mark is used.

32. Plaintiff's ORIGINAL PLUFF MUD goods and Defendant's goods are sold through the same channels of trade, which is retail stores.

33. Since the goods are identical, proof of similarity of the marks is reduced.

34. Plaintiff's ORIGINAL PLUFF MUD goods and Defendant's goods are sold to retail consumers, who are not sophisticated consumers, nor are the goods expensive goods that would cause a consumer to be discerning as to the source of the goods.

35. Defendant's mark comprises the words "Pluff Mud," and consumers are likely to believe that the Defendant's clothing is produced, sold, distributed and/or sponsored by Plaintiff, or is affiliated with Plaintiff.

36. Defendant's clothing competes directly with Clayton's clothing products.

37. Clayton operates in the same geographic area as Defendant, with both being sold to customers in the State of South Carolina and elsewhere, with both having an Internet presence.

38. Defendant's continued use of PLUFF MUD and derivatives of the mark is likely to diminish the goodwill associated with Clayton's ORIGINAL PLUFF MUD mark.

39. Defendant derives and will continue to derive revenue from her clothing products provided under the a mark or marks comprising PLUFF MUD mark and derivatives of that mark, all without the permission, authority, or consent of Clayton.

40. Defendant's unauthorized use of PLUFF MUD mark and derivatives is likely to cause confusion or mistake or to deceive consumers into believing that Defendant's unauthorized clothing products advertised, promoted, and offered under the PLUFF MUD mark derivatives are sponsored, licensed or authorized by, or affiliated, connected or otherwise associated with Clayton or that Clayton's products offered under Clayton's ORIGINAL PLUFF MUD mark are sponsored, licensed or authorized by, or affiliated, connected, or otherwise associated with Defendant when the same is not true.

41. Defendant's continued use of the PLUFF MUD mark derivatives is with full knowledge of the prior ownership by Clayton of the ORIGINAL PLUFF MUD mark, of Clayton's rights to use and control the use of such mark, and of Clayton's objections to Defendant's own continued use of the mark.

42. Defendant has acted and continues to act without regard to Clayton's trademark rights and goodwill in the ORIGINAL PLUFF MUD mark.

43. As a result of Defendant's unauthorized use of the ORIGINAL PLUFF MUD mark and derivatives of that mark, Defendant is being unjustly enriched at Clayton's expense, and Clayton is being damaged.

44. Defendant's unauthorized use of the ORIGINAL PLUFF MUD mark and derivatives of that mark in association with her clothing products has injured Clayton's interests. Specifically, Defendant (a) has traded upon the significant and valuable goodwill in Clayton's ORIGINAL PLUFF MUD mark; (b) is likely to cause public confusion as to the source,

sponsorship, or affiliation of Defendant's products or services; (c) has damaged and threatens to further damage Clayton's significant and valuable goodwill in Clayton's ORIGINAL PLUFF MUD mark; (d) has injured and threatens to further injure Clayton's right to use Clayton's ORIGINAL PLUFF MUD mark as the exclusive indicia of origin of Clayton's clothing products and services, and salon/spa services, in South Carolina and throughout the United States; and (e) has lessened the capacity of Clayton's ORIGINAL PLUFF MUD mark to indicate that his products and services are sponsored by Clayton.

45. Unless these infringing acts by Defendant are restrained by this Court, they will cause irreparable injury to Clayton and to the public, for which there is no adequate remedy at law.

**D. Willful Nature of Defendant's Infringement and Unfair Competition:**

46. Defendant's acts of infringement and unfair competition complained of herein have been deliberate, willful, intentional, and in bad faith, with full knowledge and conscious disregard of Clayton's rights. In view of the egregious nature of Defendant's actions, this is an exceptional case within the meaning of Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

**COUNT I**
**FEDERAL TRADEMARK INFRINGEMENT**

47. Clayton repeats the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

48. The acts of Defendant complained of herein are likely to cause confusion, mistake, or deception as to origin, sponsorship, or approval and therefore constitute federal trademark infringement in violation of 15 U.S.C. § 1114(1). By reason of Defendant's bad faith and willful infringement, Clayton is entitled to recover actual damages, treble damages, an accounting for Defendant's profits, attorney fees, the costs of this litigation pursuant to 15 U.S.C. § 1117, and injunctive relief pursuant to 15 U.S.C. § 1116.

## COUNT II
## FEDERAL UNFAIR COMPETITION

49. Clayton repeats the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

50. The acts of Defendant complained of herein constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Clayton is entitled to recover actual and treble damages, attorney fees, the costs of this litigation pursuant to 15 U.S.C. § 1117, and injunctive relief pursuant to 15 U.S.C. § 1116.

## COUNT III
## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION
## UNDER S.C. CODE § 39-5-20

51. Clayton repeats the allegations of the preceding paragraphs 1-42 of this Complaint as if fully set forth herein.

52. Defendant has violated and infringed Clayton's trademark rights in the ORIGINAL PLUFF MUD mark, and has used, without the consent of the owner, a mark that is a reproduction, counterfeit, copy, or colorable imitation of a mark owned by Clayton in connection with the sale of goods and services in South Carolina in a manner likely to cause confusion, deception, or mistake as to the source of the goods and has used the same on labels, signs, and in advertising in violation of the law of South Carolina.

53. Defendant is a "person" engaged in "trade" and/or "commerce," as those terms are defined in the South Carolina Unfair Trade Practices Act ("SCUTPA"), and the misconduct alleged herein has been declared to be unlawful under S.C. Code § 39-5-20. Defendant's unfair or deceptive acts or practices have adversely affected members of the public in South Carolina, and, on information and belief, are not only capable of repetition, but have been repeated and will continued unless enjoined.

54. As a result of Defendant's willful and knowing unfair or deceptive acts or practices, Clayton has suffered an ascertainable loss of money and/or property. Clayton is entitled to bring this action under the SCUPTA and is entitled to all available relief thereunder.

## COUNT IV
## UNFAIR COMPETITION UNDER THE COMMON LAW OF SOUTH CAROLINA

55. Clayton repeats the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

56. By engaging in the foregoing acts, Defendant has knowingly engaged in unlawful passing off and competed unfairly with Clayton in violation of the common law of unfair competition in the State of South Carolina.

57. Clayton is entitled to recover actual and punitive damages for Defendant's unfair competition.

## PRAYER FOR RELIEF

WHEREFORE, Clayton prays that:

A. Defendant, her officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with any of them, be permanently enjoined from using any mark that is confusingly similar to or derived from the ORIGINAL PLUFF MUD mark;

B. Defendant, her officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with any of them, be required to modify all signage, marketing materials, internet and social media content, packaging and promotional material to eliminate any mark that is confusingly similar to or derived from the ORIGINAL PLUFF MUD mark;

C. Defendant, her officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with any of them, be required to deliver to the Court for

9

destruction, or show proof of destruction of, any and all labels, signs, prints, packages, wrappers, receptacles, and advertisements, and any other materials in Defendant's possession or control that use any mark that is confusingly similar to or derived from the ORIGINAL PLUFF MUD mark;

D.   Defendant, her officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with any of them, be required to take all reasonably available steps to remove any mark that is confusingly similar to or derived from the ORIGINAL PLUFF MUD mark, as a designator of Defendant's goods from any listing in any business directory, yellow pages, internet directory, Facebook page, Instagram account, social media of any and all kinds, and any other listing or promotion;

E.   Defendant be ordered to file with this Court and to serve upon Clayton within 30 days after the entry and service on Defendant of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

F.   Clayton recover all damages it sustains as a result of Defendant's infringement and unfair competition, and that said damages be trebled;

G.   An accounting be directed to determine Defendant's profits resulting from Defendant's activities complained of herein, and that such profits be paid over to Clayton, increased as the Court finds to be just under the circumstances of this case;

H.   Defendant and all others acting in concert with it be directed to pay punitive damages to deter Defendant and all others similarly situated from like unlawful conduct in the future due to Defendant's unfair competition;

I.   Clayton recover his reasonable attorney fees;

J.   Clayton recover his costs of this action and prejudgment and post-judgment interest; and

K.  Clayton recover such other and further relief as the Court may deem just and appropriate.

## JURY DEMAND

Under Fed. R. Civ. P. 38(b), Clayton hereby demands a trial by jury on all issues triable as of right by a jury.

Kim, Lahey and Killough Law Firm

By: _____
B. Craig Killough, Esquire
Fed. ID 2330
Hunter Freeman, Esquire
Fed. ID 9313
147 Wappoo Creek Drive, Suite 202
Charleston SC 29412
(843) 577-9800
bck@kimandlahey.com
hfreeman@kimandlahey.com

**ATTORNEYS FOR PLAINTIFF**

December 22, 2025
Charleston, South Carolina